UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPTAIN DAVID AJIDAGBA,

              Plaintiff,                      Civil Action No.
                                         12-cv-13455

vs.

ARIK AIR NIGERIA LIMITED,          PAUL D. BORMAN
A Foreign Corporation,              UNITED STATES DISTRICT JUDGE

              Defendant.

_____/

## OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Captain David Ajidagba ("Plaintiff") filed the Complaint in this matter on August

6, 2012, alleging, *inter alia*, that Defendant Arik Air Nigeria Limited ("Defendant") breached his

employment contract. (Dkt. No. 1.) On August 20, 2012, the Court issued an Order for Plaintiff to

Show Cause why the case should not be dismissed for lack of subject matter jurisdiction and/or

venue. (Dkt. No. 7.) The Court stated in pertinent part as follows:

> The Complaint alleges that Defendant is a "Nigerian Commercial
> Airliner" with an "operational office" located in New York. (Compl.
> ¶ 2.) The Complaint alleges that Plaintiff is a "citizen of the United
> States[,]" but does not allege that Plaintiff is a citizen of a specific
> state. (Compl. ¶ 1.) Plaintiff has therefore failed to adequately plead
> diversity of citizenship within the meaning of § 1332. Consequently,
> the Court cannot resolve "[t]he first and fundamental question" of
> jurisdiction to hear Plaintiff's claims. . . . The Court will therefore
> order Plaintiff to show cause why the case should not be dismissed
> for lack of subject matter jurisdiction.

( . . . . )

Furthermore, the Complaint does not identify any parties that reside in the Eastern District of Michigan. None of the events described in the Complaint are alleged to have occurred in the Eastern District of Michigan. Accordingly, the Court will also order Plaintiff to show cause why the case should not be dismissed for lack of venue.

(Order to Show Cause 1-2 (citation omitted).)

On August 30, 2012, Plaintiff filed an Amended Complaint and a Response to Order to Show Cause. (Dkt. Nos. 8 and 9.) The Amended Complaint alleges that Plaintiff, although currently residing in Nigeria, is a resident of Atlanta, Georgia. (Am. Compl. ¶ 1.) The Amended Complaint further alleges that "[t]his Honorable Court also has personal jurisdiction over the Defendant Company pursuant to Rule 4(k)(2) of the Fed. R.C.P." (Am. Compl. ¶ 7.)

Rule 4(k)(2) provides for personal jurisdiction over defendants who are "not subject to jurisdiction in any state's courts of general jurisdiction," but only where the plaintiff's claim "arises under federal law[.]" The Court notes that Plaintiff has not alleged any federal claims in his Amended Complaint, which states only common-law causes of action arising under breach of contract and tort theories of liability. Rule 4(k)(2) therefore does not apply.

In his Response, Plaintiff admits that the proper venue for this case is the United States District Court for the Southern District of New York. (Resp. to Show Cause ¶¶ 3-4.) Plaintiff thus requests that the Court transfer this action to that District. (*Id.* at ¶ 5.)

Pursuant to 28 U.S.C. § 1406(a), the Court may, in the interests of justice, transfer a case for lack of venue "to any district or division in which it could have been brought." This section gives the Court authority to transfer even when it lacks personal jurisdiction over the defendants in an

2

action. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993); *see also* 28 U.S.C. § 1631 (providing that "the court shall, if it is in the interests of justice, transfer [an action in which the court lacks jurisdiction] to any other such court in which the action . . . could have been brought at the time it was filed . . . ."). In determining whether the interests of justice favor a transfer over a dismissal, the Sixth Circuit has noted the difference between complaints erroneously filed in an improper venue due to technicalities and uncertainties in venue law, and complaints "filed deliberately or carelessly[] in the wrong district[.]" *Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009) (affirming dismissal for lack of venue, and denial of motion to transfer, where plaintiff, a resident of Kentucky, filed suit against Alabama defendants in the United States District Court for the Western District of Kentucky on the basis of diversity jurisdiction, claiming personal injuries arising out of an automobile accident that occurred in Alabama). Specifically, the Sixth Circuit has held that "the interests of justice swing against the plaintiff and not in his favor" where the requested transfer is to "the district that the plaintiff's attorney undoubtedly knew was the correct one all along." *Id.* at 460.

Neither the Complaint nor the Amended Complaint allege any connection to the State of Michigan, let alone the Eastern District of Michigan. In his Response to the Court's Show Cause Order, Plaintiff offers no reasons to justify his filing of this action in the Eastern District of Michigan, instead admitting that venue is proper in the Southern District of New York. Furthermore, Plaintiff's allegation that the Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) is meritless. Plaintiff's attorney either knew or could have easily discovered these issues prior to filing the Complaint.

Accordingly, the Court finds that venue in the Eastern District of Michigan is improper, and, pursuant to § 1406(a), the interests of justice do not favor a transfer to the Southern District of New

York.  The Court will therefore **DISMISS** the action **WITHOUT PREJUDICE**.  Plaintiff is free

to re-file his claims in a more appropriate United States District Court if he so chooses.

**SO ORDERED**.

Dated: 9-24-12
         Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE